United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>Defendant. | Case No. 18-CV-07610-LHK<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR EXPENSES AND FEES**<br><br>Re: Dkt. No. 18 |

Plaintiff California Spine and Neurosurgery Institute ("Plaintiff") brings suit against Defendant Boston Scientific Corp. ("Defendant") alleging breach of oral contract and promissory estoppel. Plaintiff originally brought suit in the Superior Court of Santa Clara County but Defendant removed the suit to the United States District Court for the Northern District of California. Before the Court is Plaintiff's motion to remand and for attorneys' fees and costs. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to remand and DENIES Defendant's request for attorneys' fees and costs.

**I.    BACKGROUND**

   **A. Factual Background**

Plaintiff is a provider of medical services. ECF No. 1-1 ("Compl.") at ¶ 19. Defendant is a health insurance company providing health coverage to subscribers or dependents of subscribers under insurance policies underwritten by Defendant. *Id.* at ¶ 7. In the healthcare industry, medical services providers sometimes enter into a contract with a health insurance company such that the health services providers are "in network" with the health insurer, which allows subscribers to the health insurer to "pay lower co-payments and deductibles to obtain care and treatment from a contracted [healthcare] provider." *Id.* at ¶¶ 10-11. Being "in network" with a health insurer also allows the health insurer to set rates of pay for services rendered by the healthcare provider. *Id.* at ¶ 9.

Plaintiff is an "out-of-network provider" or "non-participating provider," meaning that Plaintiff has not entered into contracts with health insurance companies. *Id.* In particular, Plaintiff does not have a written contract with the Defendant setting rates of pay for services rendered by the Plaintiff. *Id.* Being an out-of-network provider means that to "properly determine whether or not to provide medical services to a patient, the common practice . . . is to obtain a separate oral promise and assurance of payment from the [health insurer]." *Id.* at ¶ 15. It is common practice for a health insurer to pay "a percentage of the market rate for the procedure, also described as [] an average payment for the procedure performed or provided by similarly situated medical providers within similarly situated areas or places of practice." *Id.* at ¶ 16. Health insurers typically use the phrase "usual, customary, [and] reasonable" ("UCR") to describe how much a heath insurer is willing to pay for medical services provided by an out-of-network provider. *Id.*

On March 5, 2018, Plaintiff's employee phoned Defendant to ascertain what kind of health coverage Defendant would offer one of Plaintiff's Patients. *Id.* at ¶ 19. The Patient in question was one of Defendant's insureds, *id.* at ¶ 6, meaning that the Patient was a participant in an employee health benefit plan governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"), ECF No. 2-1. Plaintiff alleges that Defendant offered "promises and information . . . that DEFENDANT would pay for the services to be provided to Patient and under what terms that payment would be made." Compl. at ¶ 19. In particular, Defendant allegedly informed Plaintiff

2
Case No. 18-CV-07610-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR EXPENSES AND FEES

1  that the Patient had a deductible and a maximum out of pocket limit for healthcare of $6,000, of
2  which $0 had been paid. *Id.* at ¶ 21. Plaintiff was allegedly promised that Defendant would pay
3  80% of the UCR rate once the Patient met his or her deductible. Moreover, after the Patient met
4  the maximum out of pocket limit, Plaintiff was allegedly promised that Defendant would pay
5  100% of the UCR rate. *Id.* at ¶ 22.

After allegedly receiving these promises from Defendant, on August 2, 2018, the Patient underwent a surgical procedure performed by Plaintiff. *Id.* at ¶ 18. Following the procedure, Plaintiff submitted its claims to Defendant accompanied by the Patient's various medical records. *Id.* at ¶ 29. Defendant processed Plaintiff's bill but determined to pay Plaintiff $0 out of a total billed amount of $77,000. *Id.* at ¶ 30.

### B. Procedural History

On October 19, 2018, Plaintiff filed a complaint in the California Superior Court of Santa Clara County. ECF No. 1-1 at summons. Plaintiff asserted two causes of action: (1) breach of oral contract, and (2) promissory estoppel. *Id.* at 6-7. On December 19, 2018, Defendant removed the case to the United States District Court of the Northern District of California. ECF No. 1 at 2. Defendant removed the case even though the complaint contained state law causes of action because Defendant believed that Plaintiff raised a cause of action under federal law. *Id.* at 3. Specifically, Defendant believed that ERISA, 29 U.S.C. § 1001, *et seq.* completely preempted Plaintiff's state law claims such that the Northern District of California would have original jurisdiction over Plaintiff's claims. *Id.*

On January 24, 2019, Plaintiff filed a motion to remand the case back to state court and to seek expenses and fees. ECF No. 18 ("Mot."). On February 7, 2019, Defendant filed an opposition. ECF No. 22 ("Opp."). On February 14, 2019, Plaintiff filed a reply. ECF No. 23 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Remand

A suit may be removed from state court to federal court only if the federal court would

3

Case No. 18-CV-07610-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR EXPENSES AND FEES

have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**B. Request for Attorneys' Fees**

Following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees and costs is within the discretion of the district court. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066-67. "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *FSM Dev. Bank v. Arthur*, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012) (brackets omitted).

**III. DISCUSSION**

Plaintiff's motion deals with two separate but interrelated issues. First, Plaintiff argues that the case ought to be remanded to state court because Plaintiff's causes of action are not completely

4

preempted by ERISA. Second, Plaintiff seeks fees and costs for improper removal. The Court discusses each issue in turn.

### A. ERISA Preemption

Plaintiff argues that this action was incorrectly removed because Plaintiff does not have standing to bring a claim under the ERISA statute. Mot. at 5. Defendant responds by contending that Plaintiff's two state law claims "are merely a disguised claim for benefits under ERISA." Opp. at 7. The Court finds Plaintiff's argument more compelling.

"[R]emoval on ERISA grounds is only appropriate if ERISA completely preempts a state law claim." *Holloway v. Gilead Scis., Inc.*, 2016 WL 3526060, at *1 (N.D. Cal. June 23, 2016) (citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944-45 (9th Cir. 2009)). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Doctors Med. Center of Modesto, Inc. v. Principal Mut. Life Ins. Co.*, 2008 WL 4790534, at *2 (E.D. Cal. Aug. 28, 2008) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

The United States Supreme Court's decision in *Aetna Health Inc. v. Davila* "sets forth a two-prong test for determining whether a state law claim is completely preempted by ERISA's civil enforcement provision. Under that test, a state law cause of action is completely preempted if (1) the plaintiff, 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'there is no other independent legal duty that is implicated by [the] defendant's actions.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). "[T]his test from *Davila* is conjunctive, and both elements need to be met to show complete preemption." *Id.*

In the instant case, the Court finds that Plaintiff could not have brought its claims under ERISA § 502(a)(1)(B), so the first prong of the *Davila* test is not met. ERISA § 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary—
> . . . (B) to recover benefits due to him under the terms of his plan, to

> enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

In other words, an ERISA *participant* or *beneficiary* may bring a civil action to "recover benefits due to him under the terms of his plan." *Id.* "Participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). "Beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

Under Ninth Circuit law, "ERISA does not preempt 'claims by a third party [medical provider] who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an *independent* entity claiming *damages*.'" *Catholic Healthcare West-Bay Area v. Seafarers Health & Benefits Plan*, 321 Fed. App'x 563, 564 (9th Cir. 2008) (emphasis in original) (quoting *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995)). Specifically, "ERISA only permits suits brought by an ERISA plan's participants, beneficiaries, fiduciaries, or assignees of those individuals—not other third parties" such as a hospital. *Cmty. Hosp. of the Monterey Peninsula v. Wm. Michael Stemler, Inc.*, 2013 WL 5312865, at *2 (N.D. Cal. Sept. 23, 2013); *see also Quaresma v. BC Life & Health Ins. Co.*, 623 F. Supp. 2d 1110, 1116 (E.D. Cal. 2007) ("A healthcare provider's suit against an ERISA plan for payment is generally not subject to removal because the provider is neither an ERISA '*beneficiary*' nor a '*participant*'" (emphasis in original).).

Here, there is no dispute that Plaintiff—a medical care provider—is neither a "beneficiary" nor a "participant" to Defendant's ERISA plan according to the statutory definitions of "beneficiary" and "participant." Moreover, there is no evidence in the record that the Patient ever assigned his or her rights to Plaintiff, the medical provider. Thus, Plaintiff is also not the Patient's assignee. Per *Community Hospital*, "ERISA only permits suits brought by an ERISA plan's participants, beneficiaries, fiduciaries, or assignees." Plaintiff is none of the aforementioned, so

6

Plaintiff could not have brought suit under ERISA § 502(a)(1)(B). Therefore, the first prong of the *Davila* test—whether Plaintiff could have brought suit under ERISA § 502(a)(1)(B)—is not satisfied.

The Ninth Circuit's decision in *Marin Gen. Hosp.*, 581 F.3d 941, supports this Court's conclusion that Plaintiff could not have brought its claims under ERISA. In *Marin*, the hospital telephoned a patient's insurance company, which allegedly "verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* at 943. After the *Marin* patient underwent the procedure, the patient's insurance policy paid the hospital part of what the hospital believed was owed. *Id.* However, the patient's insurance company refused to make any further payment. *Id.* Thus, the hospital filed suit in California state court alleging, *inter alia*, breach of an oral contract and estoppel. *Id.* at 944. The insurance company defendant removed to federal district court "on the ground that ERISA completely preempted the Hospital's claims." *Id.* The hospital subsequently moved for remand, arguing that ERISA did not preempt the hospital's state law claims.

The Ninth Circuit held that the hospital's state law claims were not preempted by ERISA because the "Hospital does not contend that it is owed this additional amount because it is owed under the patient's ERISA plan. Quite the opposite. The Hospital is claiming this amount precisely because it is not owed under the patient's ERISA plan. The Hospital is contending that this additional amount is owed based on its alleged oral contract with [the patient's insurer]." *Id.* at 947.

*Marin* is highly analogous to the instant case. Here, Plaintiff brings two state law claims, breach of oral contract and promissory estoppel, claims also brought by the *Marin* hospital. Moreover, like *Marin*, Plaintiff does not contend it is owed more money under the Patient's ERISA plan. Rather, Plaintiff contends that it is owed more money based on the alleged oral contract with Defendant, as evidenced by Plaintiff's breach of oral contract cause of action. *Marin* is clear that a claim that a medical provider is owed additional money based on an oral contract is a different obligation than a payment to a medical provider required under a patient's ERISA plan.

*Id.* at 498. Thus, Plaintiff "is suing in its own right pursuant to an independent obligation." *Id.*

Defendant attempts to distinguish *Marin* to no avail. Defendant argues that the instant case is different because unlike in *Marin*, here, Plaintiff's call with Defendant exclusively "concerned the Plan and the [Patient's] rights under it" and because the insurance company did not "request or authorize the Surgery or promise, guarantee, or otherwise agree to pay for it." Opp. at 8. However, in *Marin*, the phone call about the patient's coverage also focused on the "patient's coverage, [and] authorized treatment" under the patient's insurance plan. Likewise, in *Marin*, it is disputed whether the *Marin* insurance company telephonically "agreed to cover 90% of the patient's medical expenses." 581 F.3d at 943-44.

In addition, Defendant argues that the phone call that took place between Plaintiff and Defendant to discuss the Patient's out-of-network coverage indicated that Plaintiff was the Patient's assignee. Opp. at 11. Not so. In the context of an ERISA action, "an assignee's standing is limited to the scope of the assignment." *Metcalf v. Blue Cross Blue Shield of Michigan*, 57 F. Supp. 3d 1281, 1293 (D. Or. 2014). Simply because the Patient may have assigned his or her right to communicate with Defendant about the Patient's coverage under an out-of-plan provider fails to prove that the Patient assigned to Plaintiff rights to pursue an ERISA action against Defendant.

Moreover, Defendant cites *Lodi Mem'l Hosp Ass'n v. Tiger Lines, LLC*, 2015 WL 5009093, at *6 (E.D. Cal. Aug. 20, 2015), for the notion that a court can *assume* an assignment of rights to sue under ERISA existed based on the medical provider's conduct. However, *Lodi* is distinguishable because the *Lodi* defendants submitted a declaration attesting to the fact that "for each claim form submitted by Plaintiff for payment, Lodi Memorial indicated that it had received an assignment of benefits from the patient." *Id.* at *5. No such declaration exists in the instant case. Moreover, in *Lodi*, "the Complaint itself alleges that Plaintiff billed the [insurance] Plan directly and received payment directly from the Plan." *Id.* at *6. The Court in *Lodi* noted that such billing is "only possible with an assignment of benefits." *Id.* The instant complaint does not allege that Plaintiff directly billed the Patient's insurance plan.

In sum, Defendant has demonstrated that the first prong of the *Davila* test is not satisfied.

Because the "two-prong test of *Davila* is in the conjunctive," *Marin*, 581 F.3d at 947, the Court need not discuss the second prong of the *Davila* test. The Court finds that Plaintiff's claims are not completely preempted by ERISA, and thus, remand is warranted.

### B. Fees and Costs for Improper Removal

"An orderremanding a removed case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). "Absent unusual circumstances, courts may award attorney's fees . . . only when the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded . . . ." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). Fees are awarded at the discretion of the district court. *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 957 (C.D. Cal. 1999).

Though Plaintiff prevailed, the Court, in its discretion, declines to award any fees and costs. Although Defendant's arguments were ultimately unpersuasive, there is no evidence that Defendant's arguments were "frivolous or an improper basis for removal." *Id.* at 958. Indeed, Defendant relied on evidence that suggested that the Patient assigned some of his or her rights to Plaintiff. Opp. at 11. Had there been an assignment of the right to pursue relief under the ERISA statute, removal would have been proper. Thus, like the *Toxic Injuries* court, this Court does not award fees and costs because the removal was not "so obviously barred as to warrant an award." *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS the instant action to the Superior Court of Santa Clara County. Moreover, the Court DENIES Defendant's request for fees and costs.

**IT IS SO ORDERED.**

Dated: May 3, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

9
Case No. 18-CV-07610-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR EXPENSES AND FEES